IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-02409-MSK-MJW

MELANIE KINATEDER,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation,

     Defendant.

---

## ORDER GRANTING MOTION TO REMAND

---

THIS MATTER comes before the Court on the Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction **(#11),** to which the Defendant responded **(#18)** and the Plaintiff replied **(#19).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Plaintiff commenced this action in the Boulder County District Court against the Defendant. The Defendant removed the action to this Court, invoking the Court's jurisdiction under 28 U.S.C. § 1332.

### II. Issue Presented

The Plaintiff moves to remand the case to state court on the basis that neither the allegations in her Amended Complaint, nor the Notice of Removal, demonstrate that the amount in controversy satisfies the jurisidictional amount required in 28 U.S.C. § 1332. The Defendant opposes the motion, and contends that the parties' allegations, combined with the Plaintiff's state

court civil cover sheet, demonstrate that the jurisdictional threshold is satisfied.

The issue presented is whether the allegations in the Amended Complaint and the Notice of Removal demonstrate that the amount in controversy exceeds $75,000, such that this Court has subject matter jurisdiction.

## III. Analysis

Federal district courts are courts of limited jurisdiction. *See Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006). One statutory basis for federal court jurisdiction in civil cases is 28 U.S.C. § 1332, which provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a).

When a case satisfying the criteria of 28 U.S.C. § 1332(a) is commenced in a state court, the defendant may move the action to federal court by filing a notice of removal. *See* 28 U.S.C. §§ 1441(a) & 1446. However, statutes which confer federal court jurisdiction – particularly removal statutes – are to be narrowly construed so as to preserve the limited role of federal courts. *See Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005).

In a removed case, the matter (or amount) in controversy must be evident from the allegations of either the complaint or the notice of removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001). There is a strong presumption that the plaintiff has not claimed a large enough amount to confer jurisdiction, and thus, there is a strong presumption against removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290-92 (1938); *see also Martin*, 251

F.3d at 1289. Indeed, when it "appears" that a district court lacks subject matter jurisdiction, it is required to remand the case to state court. 28 U.S.C. § 1447(c).

The "amount in controversy" is measured by the value of the object of the litigation. *See Lovell*, 466 F.3d at 897 (quoting *Hunt v. Washington State Apple Advertising Com'n,* 432 U.S. 333, 347 (1977)). Under the "either viewpoint rule" followed in the Tenth Circuit, such "value" can be either what the plaintiff seeks to recover monetarily, or what the cost would be to the defendant if the plaintiff in fact recovers on a request for declaratory or injunctive relief. *Id.; see also Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606-07 (10th Cir. 1940).

To determine the amount in controversy, the Court begins with the allegations in the Plaintiff's Amended Complaint. The Plaintiff alleges that she is an insured of the Defendant, and that the Defendant failed to offer her enhanced personal injury protection ("PIP") coverage under the Colorado Auto Accident Reparations Act. She alleges that the Defendant first provided her basic PIP coverage, but it later gave her limited enhanced coverage of $200,000 and has paid benefits in that amount. She seeks reformation of the policy to provide for PIP benefits without any dollar limitation. She alleges that her losses will exceed the policy limit of $200,000, but does not allege the amount of the exceedance. She contends that she is entitled to statutory interest in the amount of 18% per annum which accrued on late-paid and unpaid PIP benefits, but does does allege the amount of interest she believes is due. She also seeks to recover economic and non-economic damages allegedly caused by the Defendant's failure to reform the insurance policy, but again does not specify the amount of such damages. She also seeks to recover treble damages.

The best the Court can determine from the Plaintiff's allegations is that she seeks to recover monetary relief, but not the amount. As a consequence, and in light of the presumption

3

that the Plaintiff has not claimed a large enough amount to confer jurisdiction, the Court concludes that the allegations in the Amended Complaint do not demonstrate that the amount in controversy exceeds $75,000.

Therefore, the Court turns to the Notice of Removal. In it, the Defendant alleges that the Plaintiff is a resident of Colorado, and that the Defendant is a Wisconsin corporation with a principal place of business in Wisconsin. It then alleges that at least $71,000 is in controversy, because this amount signifies the difference between the basic PIP coverage and the $200,000 capped coverage. However, the parties agree in their respective pleadings that the Defendant has already provided limited enhanced coverage to the Plaintiff with a $200,000 cap, so the $71,000 has been paid and the Court cannot consider it to be in controversy. The Notice of Removal also states that due to the nature of the Plaintiff's claims and the type of relief she requests, she necessarily seeks to recover more than $75,000, and noneconomic damages would be capped at $366,250. However, as the Court has already determined, the allegations in the Plaintiff's Amended Complaint shed no light on how much money the Plaintiff seeks to recover. Thus, on its face, the Notice of Removal does not demonstrate that the amount in controversy exceeds $75,000.

The Notice of Removal also refers to the civil cover sheet which the Plaintiff submitted to the state court when she filed her Amended Complaint. On that sheet, she checked the box which states: "This party is seeking a monetary judgment for more than $100,000 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs[.]" This Court has already concluded in a separate opinion that the civil cover sheet, standing alone, cannot be used to demonstrate the amount in controversy. *See Baker v. Sears Holding Corp.,*

2007 WL 2908434 (D.Colo. Oct. 3, 2007) (slip copy).  The Court incorporates the reasoning in

*Baker* and concludes that the civil cover sheet submitted by the Plaintiff in the case at bar does not

demonstrate the requisite amount in controversy.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Remand for Lack of

Subject Matter Jurisdiction **(#11)** is **GRANTED**.  The Clerk of Court is directed to remand this

case to the Boulder County District Court.

Dated this 26th day of February, 2008

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge